IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BARRY BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:15-cv-04481 |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S LOCAL RULE 26.03** |
| CITY OF NORTH CHARLESTON, | ) | **SUPPLEMENT TO THE RULE 26(f)** |
| | ) | **REPORT** |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, by and through his undersigned counsel, hereby submits the following pursuant to Local Rule 26.03 and as an addendum to the Rule 26(f) Report:

**(1)     A short statement of the facts of the case:**

On September 29, 2013, Plaintiff witnessed police officers of the North Charleston Police Department questioning several juveniles and ultimately arresting one juvenile. When an agitated woman approached the scene, Plaintiff attempted to de-escalate the situation. Another man approached and informed Plaintiff that the arrested juvenile was his son. As Plaintiff discussed the situation with this man, an officer reproached Plaintiff for getting involved and subsequently arrested and charged Plaintiff using unnecessary force, despite the fact that Plaintiff had not committed any criminal act and no charges whatsoever were warranted.

**(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Plaintiff reserves the right to call all witnesses named by Defendants, including any and all experts, medical providers, record custodians, and witnesses to the incident referenced in the Complaint.

(a)     Barry Britt, Plaintiff:

Plaintiff will testify that he was falsely arrested and imprisoned in violation of his rights, and as to his damages.

(b)     Tanica Brown

Ms. Brown may testify as to the facts and circumstances surrounding the incident referenced in the Complaint.

(c)     Cosogn Graham

Mr. Graham may testify as to the facts and circumstances surrounding the incident referenced in the Complaint.

(d)     Reginald Middleton

Mr. Middleton may testify as to the facts and circumstances surrounding the incident referenced in the Complaint.

(e)     Officer Johnson

Officer Johnson may testify as to the facts and circumstances surrounding the incident referenced in the Complaint.

Plaintiff reserves the right to name additional witnesses as discovery progresses.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Plaintiff has not identified any expert witnesses at this time, but reserves the right to supplement this response on or before June 8, 2016, pursuant to the proposed Amended Scheduling Order, which is attached to the parties' joint Motion to Amend Scheduling Order. Plaintiff may name experts with knowledge of South Carolina law and proper South Carolina arrest procedures.

**(4)  A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiff claims false arrest; false imprisonment; negligence/gross negligence; negligent hiring, training and supervision; and violation of Title 42 U.S.C. § 1983. Plaintiff relies on <u>Jones by Robinson v. Winn Dixie Greenville, Inc.</u>, 319 S.C. 171, 456 S.E.2d 429 (1995) (and related and similar cases) as it concerns the required elements of false imprisonment, as well as <u>Sams v. Arthur</u>, 135 S.C. 123, 133 S.E. 205 (1926) as it concerns an employer's responsibility for the tortious acts of his employee in the course and scope of employment, and <u>James v. Kelly Trucking Co.</u>, 661 S.E. 2d 329, 377 S.C. 628 (S.C. 2008) (and related and similar cases), as it concerns an employer's independent liability for negligent hiring, training, and supervision. Plaintiff also relies on <u>Andrews v. Piedmont Airlines, Inc.</u>, 297 S.C. 367, 377 S.E.2d 127 (Ct. App. 1989) and <u>Caldwell v. K-Mart Corp.</u>, 306 S.C. 27, 410 S.E.2d 21 (Ct. App. 1991), but reserves the right to rely on additional law.

**(5)  Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**(a)  Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

**(b)  Completion of Discovery.**

These deadlines are addressed in the proposed Amended Scheduling Order.

**(6)  The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

Plaintiff is not aware of any special circumstances which would affect the time frames in the Amended Scheduling Order.

**(7)    The parties shall provide any additional information requested in the Pre-Scheduling order.**

Plaintiff is not aware of any additional information required or requested at this time.

*s/Cameron L. Marshall*
Cameron L. Marshall, Esquire
Federal ID#7678
7 Gamecock Ave., Suite 707
Charleston, SC  29407
(843) 795-2298
(843) 795-5081 (Fax)
cameron@attorneymarshall.com

December 17, 2015

Charleston, South Carolina